# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **STT WebOS, Inc.,** | |
| **Plaintiff,** | **Case No. 2:25-cv-157** |
| **v.** | **Jury Trial Demanded** |
| **ByteDance Ltd., ByteDance Pte. Ltd., TikTok Ltd. and Heliophilia Pte. Ltd.,** | |
| **Defendants.** | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

STT WebOS, Inc. ("STT WebOS" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against ByteDance Ltd., ByteDance Pte. Ltd., TikTok Ltd. and Heliophilia Pte. Ltd. (collectively, "ByteDance" or "Defendants"), and alleges, upon information and belief, as follows:

## THE PARTIES

1.  STT WebOS, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 5068 West Plano Parkway, Suite 135, Plano, TX 75093.

2.  Upon information and belief, Defendant ByteDance Ltd. is a Chinese corporation headquartered in Beijing, China and legally domiciled in the Cayman Islands. ByteDance Ltd. has regular and established places of business at Dazhongsi Square No. A18, West Beisanhuan Road, Haidian District, Beijing China and 228, 2nd Floor, Building 1, No. 23 Courtyard A, North Third Ring Road West, Haidian District, Beijing China. ByteDance Ltd. has a legal address in the Cayman Islands located at Vistra (Cayman) Limited, P.O. Box 31119, Grand Pavilion, Hibiscus Way, 802

West Bay Road, Grand Cayman, George Town, KY1-1205, Cayman Islands. Upon information and belief, Defendant does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

3.　　　On information and belief, Defendant ByteDance Pte. Ltd. is a Singapore Corporation, having its principal place at 1 Raffles Quay, #26-10, Singapore, 048583, and/or 8 Marina View Level 43, Asia Square Tower 1, Singapore, 018960.

4.　　　On information and belief, Defendant TikTok Ltd. has a principal place of business at Vistra (Cayman) Limited, P.O. Box 31119, Grand Pavilion, Hibiscus Way, 802 West Bay Road, Grand Cayman, George Town, KY1-1205, Caymen Islands.

5.　　　On information and belief, Defendant Heliophilia Pte. Ltd. is a Singapore Corporation, having its principal place at 1 Raffles Quay, #26-10, Singapore, 048583, and/or 8 Marina View Level 43, Asia Square Tower 1, Singapore, 018960.

6.　　　On information and belief, as shown below, Defendants ByteDance Pte. Ltd., TikTok Ltd., and Heliophilia Pte. Ltd. are wholly owned subsidiaries of Defendant ByteDance Ltd.



*See* https://www.bytedance.com/en/

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT　　　　　　　　　　　　　　　2



*See* https://www.axios.com/2023/04/10/tiktok-lemon8-downloads-video-photos-app

## JURISDICTION AND VENUE

7.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.    Defendants are subject to the general and specific personal jurisdiction of this Court, based upon its regularly conducted business in the State of Texas and in the Eastern District of Texas ("District"), including conduct giving rise to this action.

9.      Defendants have conducted and do conduct business within the State of Texas.

10.     Defendants have committed, and continue to commit, acts of infringement in this District, have conducted business in this District, have a place of business in this District, and have engaged in continuous and systematic activities in this District.

11.     This Court has personal jurisdiction over Defendants at least because Defendants have—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—made, used, offered to sell, sold, or put into service the accused products, systems, or services within the District, thus committing acts of infringement within the District, and placed infringing products, systems, or services into the stream of commerce knowing or understanding that such products, systems, or services would be used in the United States, including in the Eastern District of Texas. Defendants have thus committed and continue to commit acts of infringement in this District by, among other things, offering to sell, selling products and/or services, and/or using services that infringe the Patents-in-Suit.

12.     This Court likewise has personal jurisdiction over Defendants at least because Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants have purposefully and voluntarily placed one or more of its infringing products, systems, or services into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Upon information and belief, through those activities, Defendants have committed the tort of patent infringement in this District.

13.     This Court has specific personal jurisdiction over Defendants in this action pursuant to due process and the Texas Long Arm Statute because the claims asserted herein arise out of or are related to

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    4

Defendants' voluntary contacts with this forum, such voluntary contacts including but not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing one or more accused products, systems, or services into this District and into the stream of commerce with the intention and expectation that it will be purchased and used by customers in this District; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services, including the Accused Products.

14.    On information and belief, the TikTok App has been downloaded over 220 million times within the United States, with millions of those users of Defendants' products and services within the State of Texas, many of whom reside in this District.

15.    Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. § 1400(b), as well as under the "alien venue rule." *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706 (1972); *In re HTC Corp.,* 889 F.3d 1349 (Fed. Cir. 2018); Weatherford *Tech. v. Tesco Corp.,* 2018 WL 5315206 at *2-3 (E.D. Tex. Oct. 26, 2018). As noted above, Defendant is a foreign entity which maintains a regular and established business presence in the United States.

16.    Upon information and belief, Defendants have transacted business in this District and has committed acts of direct and indirect infringement in this District.

17.    Defendants offer their products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in this District.

## PATENTS-IN-SUIT

1.    Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent 8,812,682 (the "'682 Patent; U.S. Patent 11,336,754 (the "'754 Patent"); U.S. Patent 10,686,797 (the "'797 Patent"); U.S. Patent 11,463,442 (the "'442 Patent"); U.S. Patent 12,143,436 (the "'436 Patent"); and  U.S. Patent 12,177,291 (the "'291 Patent") (hereinafter collectively referred to as the "Patents-in-Suit").

The '682 Patent and the '754 Patent are referred to collectively as the "Multitasking Patents." The '797 Patent and the '442 Patent are referred to collectively as the "Information Exchange Patents." The '436 Patent is referred to the "Online Meeting Patents."

2.    By written instruments executed, Plaintiff has exclusive license all rights, title, and interest in the Patents-in-Suit.  As such, Plaintiff has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

3.    The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

4.    The '682 Patent has been cited in over 59 patents issued to well-known industry leaders, including industry giants Cisco, IBM, Microsoft, Motorola, Research in Motion, Time Warner and Intel. The '797 Patent and the '442 Patent have been cited in over 21 patents issued to well-known industry leaders, including industry giants Qualcomm, Microsoft and Dropbox.

5.    The Patents-in-Suit each include numerous claims defining distinct inventions.  No single claim is representative of any other.

6.    The priority date of the '682 Patent, the '754 Patent, the '797 Patent and the '442 is at least as early as August 6, 2002. The priority date of the '436 Patent and the '291 Patent is at least as early as July 28, 2009. The Patents-in-Suit generally relate to communication networks, and more specifically, to web-based communication systems.

7.    As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

8.    The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Patents-in-

Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-Suit. *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

9.     After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Patents-in-Suit to issue.  In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims.  *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

10.    The claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art.  *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008).  Likewise, the claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners.  *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL

7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

11.    The claims of the Patents-in-Suit were all properly issued and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

## THE ACCUSED INSTRUMENTALITIES

12.    Upon information and belief, ByteDance makes, sells, advertises, offers for sale, uses, or otherwise provides an apparatus and method for communication networks and web-based control management systems covered by the Patents-in-Suit, including but not limited to, its TikTok web-based system found at https://www.tiktok.com/, its TikTok App, and its Lemon8 App, including all augmentations to these platforms or descriptions of platforms.

13.    Collectively, all the foregoing are referred to herein as the "Accused Instrumentalities."



**Fig. 1 - Screenshot of TikTok web-based system practicing the inventions of the Patents-in-Suit. The TikTok App and the Lemon8 App infringe in a substantially similar way.**



**Fig. 2 - Screenshot of TikTok App practicing the inventions of the Patents-in-Suit. The TikTok web-based system and the Lemon8 App infringe in a substantially similar way.**



**Fig. 3 - screenshot of TikTok web-based system practicing the inventions of the Patents-in-Suit. The TikTok App and the Lemon8 App infringe in a substantially similar way.**

## COUNT I
### Infringement of U.S. Patent No. 8,812,682

14.    Plaintiff incorporates the above paragraphs by reference.

15.    ByteDance has been on actual notice of the '682 Patent at least as early as the date it received

service of the Original Complaint in this litigation.

16.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect

pre-filing damages for the full period allowed by law for infringement of the '682 patent, thus the

damages period begins at least as early as six years prior to the date of service of the Original

Complaint in this litigation.

17.    ByteDance manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

18.    ByteDance has directly infringed and continues to directly infringe the claims of the '682 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  ByteDance directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

19.    Further on information and belief, ByteDance directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, ByteDance has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires ByteDance to make and use the Accused Instrumentalities in an infringing manner.  Still further, ByteDance is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

20.    As shown above, ByteDance is making, using, and offering for sale the Accused Instrumentalities.

21.    Additionally, upon information and belief, ByteDance owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

22.    On information and belief, ByteDance has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2

(E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '682 Patent by ByteDance is willful.

23.     In addition or in the alternative, ByteDance, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by others and/or contributing to the infringement by others of the '682 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '682 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, ByteDance injured Plaintiff and is thus liable to Plaintiff for infringement of the '682 Patent under 35 U.S.C. § 271.

24.     ByteDance, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  ByteDance performed actions that induced infringing acts that ByteDance knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

25.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

26.   ByteDance has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

27.   The foregoing infringement on the part of ByteDance has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '682 Patent.

28.   Each of ByteDance's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT II**
**Infringement of U.S. Patent No. 11,336,754**

29.   Plaintiff incorporates the above paragraphs by reference.

30.   ByteDance has been on actual notice of the '754 Patent at least as early as the date it received service of the Original Complaint in this litigation.

31.   Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '754 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

32. ByteDance manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

33. ByteDance has directly infringed and continues to directly infringe the claims of the '754 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  ByteDance directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

34. Further on information and belief, ByteDance directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, ByteDance has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires ByteDance to make and use the Accused Instrumentalities in an infringing manner.  Still further, ByteDance is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

35. As shown above, ByteDance is making, using, and offering for sale the Accused Instrumentalities.

36. Additionally, upon information and belief, ByteDance owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

37. On information and belief, ByteDance has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2

(E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '754 Patent by ByteDance is willful.

38.    In addition or in the alternative, ByteDance, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by others and/or contributing to the infringement by others of the '754 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '754 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, ByteDance injured Plaintiff and is thus liable to Plaintiff for infringement of the '754 Patent under 35 U.S.C. § 271.

39.    ByteDance, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  ByteDance performed actions that induced infringing acts that ByteDance knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

40.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove

intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

41. ByteDance has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

42. The foregoing infringement on the part of ByteDance has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '754 Patent.

43. Each of ByteDance's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT III
## Infringement of U.S. Patent No. 10,686,797

44. Plaintiff incorporates the above paragraphs by reference.

45. ByteDance has been on actual notice of the '797 Patent at least as early as the date it received service of the Original Complaint in this litigation.

46. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '797 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

47.    ByteDance manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

48.    ByteDance has directly infringed and continues to directly infringe the claims of the '797 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  ByteDance directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

49.    Further on information and belief, ByteDance directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, ByteDance has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires ByteDance to make and use the Accused Instrumentalities in an infringing manner.  Still further, ByteDance is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

50.    As shown above, ByteDance is making, using, and offering for sale the Accused Instrumentalities.

51.    Additionally, upon information and belief, ByteDance owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

52.    On information and belief, ByteDance has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2

(E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '797 Patent by ByteDance is willful.

53.    In addition or in the alternative, ByteDance, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by others and/or contributing to the infringement by others of the '797 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '797 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, ByteDance injured Plaintiff and is thus liable to Plaintiff for infringement of the '797 Patent under 35 U.S.C. § 271.

54.    ByteDance, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  ByteDance performed actions that induced infringing acts that ByteDance knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh*, 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

55.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove

intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

56.   ByteDance has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

57.   The foregoing infringement on the part of ByteDance has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '797 Patent.

58.   Each of ByteDance's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT IV
### Infringement of U.S. Patent No. 11,463,442

59.   Plaintiff incorporates the above paragraphs by reference.

60.   ByteDance has been on actual notice of the '442 Patent at least as early as the date it received service of the Original Complaint in this litigation.

61.   Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '442 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

62.     ByteDance manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

63.     ByteDance has directly infringed and continues to directly infringe the claims of the '442 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  ByteDance directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

64.     Further on information and belief, ByteDance directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, ByteDance has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires ByteDance to make and use the Accused Instrumentalities in an infringing manner.  Still further, ByteDance is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

65.     As shown above, ByteDance is making, using, and offering for sale the Accused Instrumentalities.

66.     Additionally, upon information and belief, ByteDance owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

67.     On information and belief, ByteDance has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2

(E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '442 Patent by ByteDance is willful.

68.     In addition or in the alternative, ByteDance, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by others and/or contributing to the infringement by others of the '442 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '442 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, ByteDance injured Plaintiff and is thus liable to Plaintiff for infringement of the '442 Patent under 35 U.S.C. § 271.

69.     ByteDance, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  ByteDance performed actions that induced infringing acts that ByteDance knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

70.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove

intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

71.    ByteDance has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

72.    The foregoing infringement on the part of ByteDance has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '442 Patent.

73.    Each of ByteDance's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT V
## Infringement of U.S. Patent No. 12,143,436

74.    Plaintiff incorporates the above paragraphs by reference.

75.    ByteDance has been on actual notice of the '436 Patent at least as early as the date it received service of the Original Complaint in this litigation.

76.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '436 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

77.    ByteDance manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

78.    ByteDance has directly infringed and continues to directly infringe the claims of the '436 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  ByteDance directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

79.    Further on information and belief, ByteDance directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, ByteDance has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires ByteDance to make and use the Accused Instrumentalities in an infringing manner.  Still further, ByteDance is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

80.    As shown above, ByteDance is making, using, and offering for sale the Accused Instrumentalities.

81.    Additionally, upon information and belief, ByteDance owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

82.    On information and belief, ByteDance has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2

(E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '436 Patent by ByteDance is willful.

83.    In addition or in the alternative, ByteDance, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by others and/or contributing to the infringement by others of the '436 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '436 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, ByteDance injured Plaintiff and is thus liable to Plaintiff for infringement of the '436 Patent under 35 U.S.C. § 271.

84.    ByteDance, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  ByteDance performed actions that induced infringing acts that ByteDance knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh*, 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

85.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove

intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

86.    ByteDance has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

87.    The foregoing infringement on the part of ByteDance has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '436 Patent.

88.    Each of ByteDance's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT VI
## Infringement of U.S. Patent No. 12,177,291

89.    Plaintiff incorporates the above paragraphs by reference.

90.    ByteDance has been on actual notice of the '291 Patent at least as early as the date it received service of the Original Complaint in this litigation.

91.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '291 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

92.     ByteDance manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

93.     ByteDance has directly infringed and continues to directly infringe the claims of the '291 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  ByteDance directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

94.     Further on information and belief, ByteDance directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, ByteDance has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires ByteDance to make and use the Accused Instrumentalities in an infringing manner.  Still further, ByteDance is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

95.     As shown above, ByteDance is making, using, and offering for sale the Accused Instrumentalities.

96.     Additionally, upon information and belief, ByteDance owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

97.     On information and belief, ByteDance has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2

(E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '291 Patent by ByteDance is willful.

98.     In addition or in the alternative, ByteDance, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by others and/or contributing to the infringement by others of the '291 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '291 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, ByteDance injured Plaintiff and is thus liable to Plaintiff for infringement of the '291 Patent under 35 U.S.C. § 271.

99.     ByteDance, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b). ByteDance performed actions that induced infringing acts that ByteDance knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

100.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove

intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

101. ByteDance has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

102. The foregoing infringement on the part of ByteDance has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '291 Patent.

103. Each of ByteDance's aforesaid activities have been without authority and/or license from Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants as follows:

1.      Declaring that Defendants have infringed the Patents-in-Suit;

2.      Awarding Plaintiff its damages suffered because of Defendants' infringement of the Patents-in-Suit;

3.      Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendants' willful infringement of the Patents-in-Suit;

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    28

4.      Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5.      Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.


Respectfully Submitted

*/s/* Christopher A. Honea
M. Scott Fuller
    Texas Bar No. 24036607
    sfuller@ghiplaw.com
Randall Garteiser
    Texas Bar No. 24038912
    rgarteiser@ghiplaw.com
Christopher A. Honea
    Texas Bar No. 24059967
    chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                    29